O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OKWUNI J. ODIMBUR, | ) | Case No. CV 11-04581 DDP (JEMx) |
| Plaintiff, | ) ) | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S** |
| v. | ) ) | **MOTION TO DISMISS** |
| WELLS FARGO BANK, AMERICA'S SERVICING COMPANY, NDEX WEST LLC, BERTHA PADILLA, BROKER, CAMMINO REALTY, | ) ) ) ) ) | [Docket No. 4] |
| Defendants. | ) ) | |
| _____ | ) | |

Presently before the court is the Motion to Dismiss Plaintiff's First Amended Complaint("Motion") filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo").[1]  Having considered the parties' moving papers, the court grants the motion in part and denies the motion in part, and adopts the following order.

**I. Background**

Plaintiff, Okwuni J. Odimbur, purchased the property located at 1874 E. Cyrene Drive, Carson, CA 90746 ("Subject Property" or

---

[1] Plaintiff acknowledges that the FAC, drafted by prior counsel, suffers from "obvious deficiencies." (Opp'n at 17.)

"Property") on July 15, 1991.[2] (Mem. Of P. & A. In Opp'n to Mot. to Dismiss Pl.'s First Am. Compl. ("Opp'n") 2:16-17). On August 18, 2004, Plaintiff refinanced the Property with a $300,000 Trust Deed in favor of WMC Mortgage Corp. (Id. at 2:17-18). In the Deed of Trust, Plaintiff conveyed the Property to trustee Westwood Associates, to be held in trust for beneficiary Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender and its successors and assigns. (Id. at 2:18-20). During or about October 2004, America's Servicing Company (a division of Wells Fargo) became Plaintiff's loan servicer. (Id. at 2:21-23). The loan required monthly payments of $1,896.20. (Id. at 2:23).

Plaintiff was timely making mortgage payments to Wells Fargo until June 2009, when her salary was decreased. (Id. at 2:23-3:1). Plaintiff called Wells Fargo several times to request a loan modification, but was told that they could not give her one until she had missed three monthly payments, and that Wells Fargo would be willing to offer Plaintiff a trial forbearance plan. (Id. at 3:2-5). A Notice of Default was recorded against the Subject Property on August 17, 2009 by Defendant NDEX WEST, LLC ("NDEX") as agent for the beneficiary. (Id. at 3:6-9). During this period, Plaintiff took several trips out of the country for missionary work. (Id. at 4:13, 5:10-11).

On August 27, 2009, Wells Fargo sent Plaintiff a proposed Special Forbearance Agreement ("Forbearance One"). (FAC, Ex. 2). Forbearance One stated, in pertinent part, "If your loan is in

---

[2] The court notes that both parties cite to the First Complaint filed in Los Angeles Superior Court, rather than to the facts as pled in the First Amended Complaint ("FAC").

2

foreclosure, we will instruct our foreclosure counsel to suspend foreclosure proceedings once the initial installment has been received, and to continue to suspend the action as long as you keep to the terms of the Agreement." (Id.) Plaintiff executed Forbearance One, and paid the four installments required by it. (FAC ¶¶ 14-17). The Forbearance One payments were for $1,110.00; $1869.66; $1869.66, and $1869.66. (Opp'n 4:6-10).

On September 1, 2009, the nominal beneficiary, MERS, recorded an Assignment of Deed of Trust to a new beneficiary, nonparty "HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST SERIES 2004-HE3 ASSET BACKED PASS-THROUGH CERTIFICATES" ("HSBC"). (Motion 2:17-21). On October 16, 2009, HSBC, by its attorney-in-fact Wells Fargo, recorded a Substitution of Trustee by which NDEX became the trustee for the Subject Property. (Id. at 2:21-23). Despite Plaintiff making the required payments under Forbearance One, a Notice of Trustee's Sale was subsequently recorded on December 29, 2009, by NDEX. (Id. at 23-24; FAC ¶ 17).

On January 22, 2010, a second Forbearance Agreement ("Forbearance Two") was executed, containing the same pertinent term regarding the suspension of foreclosure proceedings. (Opp'n 4:23-5:21). In a letter confirming Forbearance Two, Plaintiff informed Defendant Wells Fargo that she would be out of the country until July 23, 2010. (Id. at 5:10). Plaintiff also included a handwritten note contesting Wells Fargo's calculations. (Id. at 5:22-6:4; Ex. 5). Plaintiff made all four payment installments. (Id. at 6:4-11). The payments were for $2,444.00; $2,064.70; $2,064.70; and $2,064.70. (Id. at 5:17-20).

3

Though Plaintiff made all payments required by the two forbearances, Plaintiff's Property was sold, based on the December 29, 2009 Notice of Trustee's Sale, on July 20, 2010 at a trustee's sale to HSBC. (FAC ¶ 25). A Trustee's Deed Upon Sale was duly recorded on or about July 22, 2010. (Motion 2:26). Plaintiff filed her original Complaint *in propria persona* on August 9, 2010. Plaintiff recorded a *lis pendens* against the Subject Property on August 16, 2010, after the trustee's sale had already occurred. Wells Fargo filed a Motion to Quash Service of Plaintiff's original Complaint on October 1, 2010, which was granted on January 19, 2011. Plaintiff retained counsel and filed a First Amended Complaint ("FAC"). The FAC alleges wrongful foreclosure based upon statutory violations, "breach of contract based upon promissory estoppel," and cancellation of foreclosure documents. Wells Fargo timely removed this case to this court on the basis of diversity jurisdiction.

In July 2011, the court relieved Plaintiff's former attorney as counsel of record for Plaintiff and substituted her pro per. Plaintiff subsequently filed a Request for Approval of Substitution of Attorney naming new counsel. The court approved the substitution, and permitted Plaintiff's new counsel to submit a new Reply to the instant Motion to Dismiss.

**II.   Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal when the plaintiff's allegations fail to state a claim upon which relief can be granted. When considering a 12(b)(6) motion to dismiss for failure to state a claim, " a court must accept as true all allegations of material fact and must

construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 433, 447 (9th Cir. 2000).

In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), the Supreme Court explained that a court considering a 12(b)(6) motion should first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." (internal quotation marks omitted)).

**III. Discussion**
    A.   Wrongful Foreclosure

"When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." Alicea v. GE Money Bank, 2009 WL 2136969 *3 (N.D. Cal. 2009). The tender requirement spares courts from being called upon to "order a useless act performed" in cases where plaintiffs would be unable, even under proper sale procedures, to redeem a property. FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal.App.3d 1018, 1021-22 (1989). Plaintiff alleges claims of "Wrongful Foreclosure Based On Statutory Violations," and Cancellation of Foreclosure

Documents."[3] To maintain her wrongful foreclosure action, Plaintiff must allege ability to tender. She has not done so.

Plaintiff argues that an equitable exception to the tender rule applies here. Indeed, the exception may apply where it would be inequitable to require tender. Onofrio v. Rice, 55 Cal. App. 4th 413, 424 (1997). Here, however, Plaintiff's argument for the equitable exception is supported almost entirely by block quotes from inapt or distinguishable cases. Altman v. McCollum, 107 Cal. App. 2d Supp. 847, 861 (Super. 1951), for example, did discuss general equitable estoppel principles, but in the context of an unlawful detainer action, not a foreclosure action, where there was no written agreement and no mention of the tender rule. Tully v. World Savings & Loan Assn., 56 Cal. App. 4th 654, 659 (1997), denied summary judgment where there was a triable issue of fact regarding equitable estoppel because the very terms of a loan modification agreement were in dispute, again with no mention of the tender rule. Nor can the court ascertain the relevance of Stirton v. Pastor, 177 Cal. App. 2d 232, 233 (1960), in which a plaintiff challenged the initial delivery of a deed of trust and subsequent trustee's sale following defendant's failure to deliver certain furniture to plaintiff.[4]

---

[3] The FAC, prepared by Plaintiff's former counsel, does not identify any specific statute.

[4] Courts have applied the equitable exception to the tender rule where plaintiffs contest the validity of a foreclosure prior to the foreclosure sale. See, e.g., Tamburri v. Suntrust Mortgage, Inc., 2011 WL 6294472 *3, 5 (N.D. Cal. December 15, 2011); Sacchi v. Mortgage Electronic Registration Systems, Inc., 2011 WL 2533029 *9-10 (C.D. Cal. June 24, 2011).

6

1    Tender may not be required where a foreclosure sale is void.
2 Tamburri v. Suntrust Mortgage, Inc., 2011 WL 6294472 *3-5 (N.D.
3 Cal. December 15, 2011). Plaintiff's FAC, however, makes no
4 allegation that the sale is void. To the extent Plaintiff argues
5 that the sale is void under California Civil Code Section 2923.5,
6 there is no post-sale remedy for violations of California Code
7 Section 2923.5. Mabry v. Superior Court, 185 Cal. App. 4th 208,
8 235 (2010).
9    Absent any justification for invocation of an exception to the
10 tender rule, Plaintiff's claims for wrongful foreclosure and
11 cancellation of foreclosure documents are dismissed, with leave to
12 amend.
13    B.  Breach of Contract and Promissory Estoppel
14    Conflating two distinct claims, Plaintiff also alleges "breach
15 of contract based upon promissory estoppel," in reference to the
16 Forbearance Agreements. Defendant Wells Fargo argues that the
17 Forbearance Agreements are subject to the California Statute of
18 Frauds, were not executed, and, thus, are not actual contracts.
19 The court in unpersuaded. Here, contrary to Defendant's assertion,
20 the Forbearances bear more than just a "defendant's mere
21 letterhead." (Motion 7:25-26). The Forbearances state "[W]e would
22 like to offer you a Special Forbearance Agreement." (Opp'n, Exs.
23 2,3). As Plaintiff points out, the first page of each Agreement
24 "closes with the word 'Sincerely,' below which the typewritten
25 signature 'Borrower Counseling Services' appears." (Opp'n 15:20-
26 22). Plaintiff was also provided with a signature page on page two
27 of each Forbearance Agreement, bearing only a place for the
28 "Mortgagor" signature. (Id. at 15:21-22; Exs. 2,3). The court

7

finds sufficient indicia that the document was effectively signed by Defendant. See Marks v. Walter G. McCarty Corp., 33 Cal. 2d 814, 820 (1949). Additionally, any contract ambiguities are construed against the drafting party. Victoria v. Superior Court, 40 Cal. 3d 734, 739 (1985). Finally, the court finds support in the actual language of the document which would lead a reasonable person to believe that if he or she signed the signature page, and returned the first payment, the agreement was ratified. Thus, the court is persuaded that the two Forbearance Agreements were intended to be construed as binding contracts.

Wells Fargo also argues that Plaintiff's claim that the Forbearance Agreements were contracts fails because there is a lack of consideration and a lack of damages, and thus the claim should be dismissed. For support, Wells Fargo points to a Northern District case that addresses the exact same Forbearance Agreements at issue here. Reyes v. Wells Fargo Bank, N.A., 2011 WL 30759 (N.D. Cal. Jan. 3, 2011))(dismissing plaintiff's claims for breach of contract, and restitution/rescission, but finding genuine issues of triable fact for plaintiff's claims under Cal. Civ. Code § 1788, and unfair competition claim under Cal. Bus. & Prof. Code §§ 17200 *et seq.*). Plaintiff fails to address issues of consideration or damages in any way. The court therefore grants Defendant Wells Fargo's motion to dismiss Plaintiff's breach of contract claim.

As to Plaintiff's claim based upon promissory estoppel, the court finds that the claim is adequately pled. See Smith v. City and County of San Francisco, 225 Cal. App. 3d 38, 48 (1990) (listing elements of promissory estoppel claim). In both Forbearance Agreements, Defendant promised "If [Plaintiff's] loan

8

was in foreclosure, [Defendant] will instruct [its] foreclosure counsel to suspend foreclosure proceedings once the initial installment has been received, and to continue to suspend the action as long as [Plaintiff] keep[s] to the terms of the Agreement." (FAC ¶ 27.) The court finds this to be a clear promise to Plaintiff that her home would not be foreclosed upon so long as she made the payments required by the Forbearance Agreements. Plaintiff reasonably and foreseeably relied on that promise by making all eight payments required under the two Forbearance Agreements in the belief that she was safe from foreclosure. Nevertheless, Defendants failed to "suspend the [foreclosure] action," recorded a Notice of Trustee's Sale on December 29, 2009, retained Plaintiff's payments, and then sold Plaintiff's home. Defendant's Motion to Dismiss Plaintiff's promissory estoppel claim is denied.

**IV. Conclusion**

For the reasons stated above, Defendant's Motion is GRANTED in part and DENIED in part. Plaintiffs claims for wrongful foreclosure, cancellation of loan documents, and breach of contract are dismissed, with leave to amend. Any amended complaint shall be filed within 14 days of the date of this order.


IT IS SO ORDERED.



Dated: March 1, 2012

DEAN D. PREGERSON
United States District Judge

9