O

JS - 6

cc:order, docket, remand letter to
Los Angeles Superior Court, No. BC 443366

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OKWUNI J. ODIMBUR, | ) | Case No. CV 11-04581 DDP (JEMx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER REMANDING CASE** |
| | ) | |
| WELLS FARGO BANK, AMERICA'S | ) | |
| SERVICING COMPANY, NDEX WEST | ) | |
| LLC, BERTHA PADILLA, BROKER, | ) | |
| CAMMINO REALTY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff originally filed a complaint in Los Angeles County
Superior Court.  Defendant Wells Fargo Bank, National Association,
removed to this court on the basis of diversity jurisdiction,
asserting that it is a resident of South Dakota and Plaintiff is a
resident of California.  (Notice of Removal at 3-4.)  While
Plaintiff has subsequently amended her complaint, Plaintiff does
not assert any federal claims.

This court has an independent duty to determine whether it has
subject matter jurisdiction, regardless whether the parties have
raised the issue.  United Investors Life Ins. Co. v. Waddell & Reed

1 | <u>Inc.</u>, 360 F.3d 960, 966 (9th Cir. 2004).  "If at any time before

2 | final judgment it appears that the district court lacks subject

3 | matter jurisdiction, the case <u>shall</u> be remanded."  28 U.S.C. §

4 | 1447(c) (emphasis added); Fed. R. Civ. P. 12(c) ("If the court

5 | determines at any time that it lacks subject-matter jurisdiction,

6 | the court must dismiss the action.").

7 |   District courts have original jurisdiction "of all civil

8 | actions where the matter in controversy exceeds the sum or value of

9 | $75,000, exclusive of interest and costs and is between . . .

10 | citizens of different States."  28 U.S.C. § 1332(a)(1).  Complete

11 | diversity of citizenship is required, meaning each of the

12 | plaintiffs must be a citizen of a different state than each of the

13 | defendants.  <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996).

14 |   Here, the court finds that both Plaintiff and Defendant Wells

15 | Fargo Bank, N.A. ("Wells Fargo") are citizens of California.

16 | Several courts in this Circuit have held that a national banking

17 | association is a citizen of the state where its principal place of

18 | business is located.  <u>See, e.g.</u>, <u>Taheny v. Wells Fargo Bank, N.A.</u>,

19 | 878 F. Supp. 2d 1093, (E.D. Cal. 2012); <u>Singer v. Wells Fargo Bank,</u>

20 | <u>N.A.</u>, No. SACV 12-801, 2012 WL 2847790 (C.D. Cal. July 11, 2012);

21 | <u>Rouse v. Wachovia Mortg., FSB</u>, No. EDCV 11-00928, 2012 WL 174206

22 | (C.D. Cal. Jan. 13, 2012).  These courts have therefore concluded

23 | that Wells Fargo is a citizen of California.  <u>See, e.g.</u>, <u>Taheny</u>,

24 | 878 F. Supp. 2d at 1094; <u>Singer</u>, 2012 WL 2847790, at *5; <u>Rouse</u>,

25 | 2012 WL 174206, at *14; <u>Raifman v. Wachovia Securities, LLC</u>, No. C

26 | 11-02885 SBA, 2012 WL 1611030 at *1 (N.D. Cal. May 8, 2012).  This

27 | court agrees with these well-reasoned decisions.

28 |

1      Because both Plaintiff and Defendant Wells Fargo are citizens

2  of California, the parties are not completely diverse.  This court

3  therefore lacks subject matter jurisdiction over this action.

4  Accordingly, this matter is REMANDED to California state court.

5  All pending motions are VACATED.

6

7

8  IT IS SO ORDERED.

9

10

11  Dated:March 28, 2013

12                                   DEAN D. PREGERSON
                                     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28